UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL, | CASE NO. 2:24-cv-02148-JNW |
| Plaintiff, | ORDER |
| v. | |
| LES ZIEVE; MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN CAPITAL HOLDINGS, LLC; JOHN WILSON, | |
| Defendants. | |

Pro se Plaintiff Marta D. Lyall filed this action on December 26, 2024, seeking injunctive relief and damages for "Defendants' fraudulent and procedurally improper actions, which threaten irreparable harm to Plaintiff's property rights and constitutional protections." Dkt. No. 7 at 1; *see also* Dkt. Nos. 1 (Application to Proceed in Forma Pauperis), 12 (Amended Complaint). Lyall alleges that Defendants engaged in a "deliberate scheme to undermine [her] ownership of the real property" located in Shoreline, Washington. Dkt. No. 12 at 1.

Lyall now moves for a temporary restraining order (TRO), aiming to "prohibit Defendants from… selling, transferring, or encumbering" the Shoreline property, and "[r]equir[ing] Defendant John Wilson, in his official capacity as King County

**ORDER** - 1

Assessor, to… refrain from making any further changes to the title of the Property" until this case is resolved. Dkt. No. 8 at 3. She also seeks immediate "rever[sion] [of] the title of the Property back to [her] name until the title dispute is resolved[.]" *Id.*

To obtain a TRO, the moving party must serve all motion papers on the nonmoving party unless the requirements of Rule 65(b)(1)—issuance of a TRO without notice—are met. LCR 65(b)(1); Fed. R. Civ. P. 65(b)(1). The Court may issue a TRO without notice to the adverse party only if the moving party shows that "immediate and irreparable injury" will occur before the adverse party can be heard *and* the movant certifies "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

Lyall includes a "Certification of Service" in her TRO motion, stating that "on December 30, 2024, [she] served a copy of this motion and exhibits on all parties/counsel of record[.]" Dkt. No. 8 at 4. But Lyall's "Certification of Service" is signed and dated December 27, 2024—days before she allegedly effected service. *Id.* This discrepancy casts doubt on whether she effected service as stated.

This is not the only problem with Lyall's purported service. She states that she served "a copy of this motion and exhibits" on "Attorney Thomas B. Pierce, attorney, who works for Les Zieve[.]" Dkt. No. 8 at 4. Yet, Lyall does not provide Pierce's contact information, as required by the Local Rules. *See* LCR 65(b)(1) ("The motion must also include contact information for the opposing party's counsel or for an unrepresented party."). Finally, Lyall gives no indication that her service

**ORDER** - 2

attempts have resulted in actual notice, such as a return email or response from any of the Defendants acknowledging receipt in some way. Due to these deficiencies, the Court finds that Lyall has failed to prove notice in compliance with Rule 65.

Lyall does not address the standard for issuance of a TRO without notice, and on this record, the Court does not find that her case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). Lyall alleges irreparable harm in conclusory fashion, asking the Court to prohibit any future sales, transfers, or encumbrances of the Shoreline property. Dkt. No. 8 at 3. But she does not point to any such transactions on the near-term horizon. As a result, she fails to establish that the requested relief is necessary to avert some "immediate threatened injury." *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Moreover, the title transfer to Defendant Truman Capital took place in 2023. This motion arrives over a year later. Thus, the Court finds no basis for emergency judicial action before Defendants may be heard in opposition. *See Abdel-Malak v. Doe,* No. EDCV 20-00322-CJC (KKx), 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements").

Accordingly, the Court DENIES Lyall's motion for a TRO without prejudice.

Dated this 6th day of January, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 3