UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL, | CASE NO. 2:24-cv-02148-JNW |
| Plaintiff, | ORDER |
| v. | |
| LES ZIEVE; MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN CAPITAL HOLDINGS, LLC; JOHN WILSON, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Marta D. Lyall's second motion for a temporary restraining order. Dkt. No. 23.

Lyall initiated this action on December 26, 2024, alleging that Defendants Les Zieve, Mitchell Samberg, Doojin Chung, Truman Capital, LLC, and John Wilson executed a "deliberate scheme to undermine [her] ownership of the real property" located in Shoreline, Washington. Dkt. Nos. 1, 7. On December 30, she moved for a temporary restraining order (TRO), asking the Court to (1) "[p]rohibit Defendants from… selling, transferring, or encumbering" the Shoreline property, (2) "[r]equire Defendant John Wilson, in his official capacity as King County Assessor,

ORDER - 1

to… refrain from making any further changes to the title of the Property[,]" and (3) "[r]equire… Wilson… to… [r]evert the title of the Property back to [Lyall's] name[.]" Dkt. No. 8.

On January 6, 2025, the Court issued an Order denying Lyall's request. Dkt. No. 18. The Court found that Lyall "failed to prove notice in compliance with Rule 65." *Id.* at 3. This finding was based on three deficiencies: first, Lyall's certification of service was dated December 27, yet asserted, impossibly, that service had been effected three days later, on December 30; second, Lyall failed to provide contact information for opposing party's counsel as required by LCR 65(b)(1); and third, Lyall gave no indication that her service attempts resulted in actual notice. *Id.* at 2-3. The Court also found that Lyall "[did] not address the standard for issuance of a TRO without notice, and on this record, the Court [did] not find that her case falls within those 'very few circumstances justifying the issuance of an ex parte TRO.'" *Id.* at 3 (quoting *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006)).

Now, Lyall moves for a second TRO, requesting the same relief that the Court denied just two days ago. Dkt. No. 23. This latest motion is effectively a motion for reconsideration. To prevail, a party seeking reconsideration must show (1) "manifest error in the prior ruling," or (2) "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Lyall argues both options.

She asserts that the dating discrepancy in her certification of service was a mere "cut-and-paste error" and that "denying relief on such trivial grounds violates

ORDER - 2

Plaintiff's right to a fair adjudication and suggests the Court's focus on procedural technicalities over the urgent constitutional claims raised in the TRO." *Id.* at 2. But as before, the Court finds that "Lyall gives no indication that her service attempts have resulted in actual notice." *See* Dkt. No. 18 at 2-3. This is more than a mere technicality—"our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70*, 415 U.S. 423, 439 (1974).

Lyall also argues that even if she failed to effect notice, "TROs are routinely granted ex parte… where immediate harm is demonstrated and notice to opposing parties is impractical or would exacerbate harm." Dkt. No. 23 at 2. Lyall offers additional factual assertions to support her claim that she faces immediate harm, including that "[o]n January 4, 2025, unidentified men with Australian accents, driving unmarked white trucks, pounded on Plaintiff's door in a manner intended to terrorize her" and that "Defendant Zeive currently holds wrongful title to the property, and if Plaintiff were to be harmed or killed, Defendant could take full control of the property without the need for further court proceedings." *Id.* at 4-5.

These allegations are serious, and if Lyall fears for her physical safety, she should contact local law enforcement immediately. But it is unclear how the relief requested would forestall the additional harms Lyall has alleged. And Lyall offers no argument that notice would be impractical or would exacerbate these alleged harms. On this record, the Court is not persuaded that Lyall's new claims of immediate harm overcome the obvious deficiencies in her claims such that the

ORDER - 3

scales of Rule 65 tilt in favor of the emergency relief requested, especially before notifying Defendants of her motion.

Indeed, even if the immediate-harm requirement were met, the Court is skeptical that Lyall can make the requisite showing of likelihood of success on the merits to obtain injunctive relief. Lyall asserts federal-question jurisdiction as the basis for the Court's subject-matter jurisdiction over her claim. But her only federal-law claim is her Section 1983 claim. *See* Dkt. No. 12 at 5. To be liable under Section 1983, a defendant must have acted in performance of official state duties. *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1057 (9th Cir. 1998). The only state official against whom Lyall brings claims is County Assessor John Wilson. She alleges that Wilson violated her due process rights when he processed the title transfer of her home despite the existence of a lis pendens notice on the property. But a "landowner is not prohibited from alienating or encumbering the property subject to lis pendens. Although alienation may be more difficult, there is nothing to prevent the sale if the landowner can find a willing buyer." *Cranwell v. Mesec*, 890 P.2d 491, 503 (1995). The mere existence of a lis pendens notice on the Shoreline Property does not persuade the Court that Wilson erred in processing the title transfer, let alone that Wilson violated Lyall's due process rights.

In sum, the Court affirms its earlier finding that Lyall has failed to prove actual notice or to meet the substantive and procedural requirements necessary for an ex parte TRO. The Court is also doubtful that Lyall is likely to succeed on the merits of her claims. Therefore, the Court DENIES Lyall's second motion for a TRO.

ORDER - 4

Lyall should not renew this motion unless Defendants have notice of her TRO motion. In any future motion, she must comply with Rule 65 and establish (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to her if injunctive relief is not granted, (3) a balance of hardships tipping in her favor, and (4) advancement of the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21 (2008).

It is so ORDERED.

Dated this 8th day of January, 2025.

Jamal N. Whitehead
United States District Judge