UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL,<br><br>Plaintiff,<br><br>v.<br><br>LES ZIEVE; MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN CAPITAL HOLDINGS, LLC; JOHN WILSON; CATHERINE CORNWALL,<br><br>Defendants. | CASE NO. 2:24-cv-02148-JNW<br><br>ORDER |

# 1. INTRODUCTION

This matter comes before the Court on pro se Plaintiff Marta Lyall's motion for reconsideration, Dkt. No. 28, and third emergency motion for a temporary restraining order (TRO). Dkt. No. 32. Having reviewed Lyall's filings, the record, and the law, the Court GRANTS the motion for reconsideration and DENIES the motion for a TRO.

# 2. MOTION FOR RECONSIDERATION

Lyall began this action on December 26, 2024, with her application to proceed in forma pauperis (IFP), to which she attached her proposed complaint. Dkt. No. 1.

ORDER - 1

On December 30, 2024, Lyall paid the Court's filing fee, which effectively withdrew her IFP application. *See* Dkt. Thus, her proposed complaint was entered as the operative complaint. Dkt. No. 7. The next day, Lyall submitted an "amended complaint." Dkt. No. 12. This complaint was identical to the initial complaint, but with several attachments not included in the initial complaint. *See id.*

On January 7, Lyall filed another amended complaint, adding an additional defendant. Dkt. No. 21. This latest complaint was captioned and docketed as a "Second Amended Complaint." *See* Dkt. Nos. 21, 26. Because parties may amend their pleadings only once as a matter of course, *see* Fed. R. Civ. P. 15(a), the Court construed Lyall's Second Amended Complaint as a motion for leave to file another amended complaint. Dkt. No. 26. The court directed the Clerk of Court to re-note the docket entry accordingly. *Id.*

The same day, Lyall filed a motion for reconsideration of the Court's Order, arguing that her first amended complaint had merely been "a duplication of the original filing to remove its 'proposed' status and allow for immediate action." Dkt. No. 28 at 2. The Court turns to this motion now.

To prevail on a motion for reconsideration, a party must show "manifest error in the prior ruling" or "a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Upon review, the Court finds that Lyall's amended complaint at Dkt. No. 12 was not, as she argues, a mere "duplication" of her initial complaint at Dkt. No. 7. While the pleadings appear to be a duplication, the amended version contained attachments not included in the original, rendering the filings different.

**ORDER** - 2

Nevertheless, the Court construes pro se filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and therefore gives Lyall the benefit of the doubt. The Court finds that the filing at Dkt. No. 12 was *substantially similar* to the one at Dkt. No. 7 and therefore did not constitute Lyall's one Rule 15(a) amendment as a matter of course. Accordingly, the Court construes Lyall's amended complaint, at Dkt. No. 21, as her amendment as a matter of course. Thus, the Court GRANTS Lyall's motion for reconsideration and DIRECTS the Clerk of Court to re-label the entry at Dkt. No. 21 as an amended complaint, not a motion for leave to file the same.

Finally, because Lyall has filed an "Errata," at Dkt. No. 29, adjusting the caption of the amended complaint to label it as the "First Amended Complaint" (not, as before, "Second Amended Complaint"), the Court will construe Lyall's filing at Dkt. No. 29 as the operative complaint moving forward.

### 3. THIRD TRO MOTION

On December 30, Lyall moved for a TRO, Dkt. No. 8, which the Court denied for failure to prove notice or to establish the requirements for an ex parte TRO. Dkt. No. 18. On January 8, Lyall moved again for the same TRO. Dkt. No. 23. The Court construed this as a motion for reconsideration and denied it because Lyall still failed to prove notice or to establish the requirements for an ex parte TRO. Dkt. No. 30. The Court also explained that even if Lyall had met the requirements for an ex parte TRO, she would be unlikely to receive relief because "[t]he Court is… doubtful that Lyall is likely to succeed on the merits of her claims." *Id.* at 4.

Lyall now moves *again* for a TRO. Dkt. No. 32. In support of this motion, she offers a new certificate of service that aims to rectify the deficiencies the Court

1  discussed in its previous orders. Dkt. No. 33. To her credit, this new certificate does
2  improve on her previous efforts. It provides email addresses for all Defendants or
3  their alleged attorneys and rectifies the dating discrepancies that rendered her
4  prior claims of notice implausible. *See id.* That said, Lyall does not attest to her
5  service efforts under penalty of perjury, nor does she provide evidence that her
6  email to Defendants and their alleged attorneys was actually received. *Id.* As such,
7  whether actual notice has been achieved remains questionable. Nevertheless, the
8  Court will assume without deciding that Lyall has indeed met the actual notice
9  requirements for a TRO. The Court therefore address Lyall's motion on the merits.

10  Temporary restraining orders are "extraordinary remed[ies] that may only be
11  awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v.*
12  *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[A] plaintiff seeking a
13  preliminary injunction must make a clear showing that '[they are] likely to succeed
14  on the merits, that [they are] likely to suffer irreparable harm in the absence of
15  preliminary relief, that the balance of equities tips in [their] favor, and that an
16  injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570,
17  1576 (2024) (quoting *Winter*, 555 U.S. at 20). These four elements, known as the
18  *Winter* factors, apply whenever a preliminary injunction is sought. *Winter*, 555 U.S.
19  at 20. The first prong, "[l]ikelihood of success on the merits[,] is the most important
20  factor[.]" *Edge v. City of Everett*, 929 F.3d 657, 663 (9th Cir. 2019).

21  For the reasons set forth in the Court's prior Order, Dkt. No. 30, the Court
22  finds that Lyall has failed to demonstrate a likelihood of success on the merits.
23  Lyall asserts federal-question jurisdiction as the basis for the Court's subject-matter

**ORDER** - 4

jurisdiction over her claim. But her only federal-law claim is her Section 1983 claim. *See* Dkt. No. 29 at 6. To be liable under Section 1983, a defendant must have acted in performance of official state duties. *Huffman v. Cnty. of Los* Angeles, 147 F.3d 1054, 1057 (9th Cir. 1998). The only state officials against whom Lyall brings claims are County Assessor John Wilson and Clerk of King County Superior Court Catherine Cornwall.

With respect to Wilson, Lyall alleges that he violated her due process rights when he processed the title transfer of her home despite the existence of a lis pendens notice on the property. But a "landowner is not prohibited from alienating or encumbering the property subject to lis pendens. Although alienation may be more difficult, there is nothing to prevent the sale if the landowner can find a willing buyer." *Cranwell v. Mesec*, 890 P.2d 491, 503 (1995). The mere existence of a lis pendens notice on the Shoreline Property does not persuade the Court that Wilson erred in processing the title transfer, let alone that Wilson violated Lyall's due process rights.

As for Cornwall, Lyall alleges that Cornwall violated her due process rights when she "improperly close[d] two state court cases removed by Plaintiff to Federal Court, while under Federal jurisdiction[.]" Dkt. No. 29 at 2. Even setting aside the question of whether Cornwall may be immune from such claims, the Court is not persuaded that any impropriety occurred. Lyall takes issue with the fact that the King County Court Clerks Office marked her state-court cases as "completed" with an "uncontested resolution" when she removed them to federal court. Dkt. No. 29 at 4. But when Lyall brought this issue to the attention of the Clerks Office, they

explained to her that use of these code terms is "standard procedure" after notice of removal, and that Lyall "will require an order to reopen the case if it has been remanded from District Court." Dkt. No. 8 at 5. This explanation suggests that standard procedures were followed and Lyall was not denied access to the courts. Lyall is far from carrying her burden of showing a high likelihood of success on the merits of her due process claim against Cornwall.

Further, the Court reiterates its earlier finding that Lyall has also failed to adequately demonstrate a likelihood of immediate, irreparable harm absent a TRO. To obtain a TRO, "a plaintiff must demonstrate immediate threatened injury" that would be averted by the requested relief. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Here, Lyall asks the Court to prohibit any future sales, transfers, or encumbrances of the Subject Property. Dkt. No. 8 at 3. But she does not point to any such transactions on the near-term horizon. The title transfer with which Lyall takes issue took place in 2023. The instant motion arrives over a year later. The Court finds no basis for emergency judicial action.

As such, the Court DENIES Lyall's third motion for a TRO. The Court directs Lyall not to file any future motions requesting the same relief requested in her TRO motions, which the Court has now denied on three occasions.

### 4. CONCLUSION

In sum, the Court GRANTS Lyall's motion for reconsideration and construes the amended complaint at Dkt. No. 29 as Lyall's operative pleading. The Court DIRECTS the Clerk of Court to adjust the docket accordingly. And because Lyall fails to show a likelihood of success on the merits or a likelihood of immediate harm

absent injunctive relief, the Court DENIES her third motion for a TRO. Dkt. No. 32. Lyall should turn her focus away from successive motions and other filings, and to service of process on the named defendants.

It is so ORDERED.

Dated this 9th day of January, 2025.

Jamal N. Whitehead
United States District Judge

ORDER - 7