UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL, | CASE NO. 2:24-cv-02148-JNW |
| Plaintiff, | ORDER |
| v. | |
| LES ZIEVE; MITCHELL SAMBERG; DOOJIN CHUNG; TRUMAN CAPITAL HOLDINGS, LLC; JOHN WILSON; CATHERINE CORNWALL, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Marta D. Lyall's Motion to Disqualify Counsel for Defendants John Wilson and Catherine Cornwall. Dkt. No. 41.

Lyall sues Wilson in his individual capacity as King County Assessor and Cornwall in her individual capacity as Clerk for King County Superior Court. *See* Dkt. No. 29 (operative complaint). Wilson and Cornwall are represented by attorneys from the King County Prosecuting Attorney's Office (KCPAO). *See* Dkt. Nos. 44, 45. Lyall argues that since she is suing Wilson and Cornwall as individuals, rather than in their official capacities, KCPAO may not represent them

**ORDER** - 1

here. *Id.* at 2. As relief, Lyall asks the Court to (1) "[d]isqualify attorneys from [KCPAO] from representing… Wilson and… Cornwall"; (2) "[o]rder Wilson and Cornwall to obtain private legal counsel or file a motion for court-approved representation"; and (3) "[r]equire King County to produce documentation showing any formal approval of public representation for Defendants[.]" *Id.* at 4.

"In the federal system, the regulation of lawyer conduct is the province of the courts[.]" *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 439 (9th Cir. 1983) (citation omitted). "In the absence of rules promulgated by higher authorities in the judicial system, the district courts are free to regulate the conduct of lawyers appearing before them." *Id.* "Disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *United States Fire Ins. Co. v. Icicle Seafoods, Inc.*, 523 F. Supp. 3d 1262, 1266 (W.D. Wash. 2021) (citations and quotation marks omitted). "Disqualification motions are… subject to particularly strict judicial scrutiny." *Id.* (citations and quotation marks omitted). "Whether to disqualify an attorney in an action pending before it is largely within the discretion of the trial court, and in making its decision the court first refers to the local rules regulating the conduct of members of its bar." *Ivy v. Outback Steakhouse Inc.*, No. C05-0654-JCC, 2008 WL 11506622, at *3 (W.D. Wash. Apr. 14, 2008) (citing *Humphrey*, 722 F.2d at 439). The Local Rules in this District incorporate the Washington Rules of Professional Conduct. LCR 83.3(a). In Washington, "courts are reluctant to disqualify an attorney absent compelling circumstances." *United States Fire Ins. Co.*, 523 F. Supp. 3d at 1266.

Lyall offers five arguments for disqualification: first, "government officials sued in their individual capacities are personally liable, meaning they must obtain private legal counsel or formally request indemnification through a proper process"; second, "[a]llowing public attorneys to represent Wilson and Cornwall personally creates a conflict of interest, as their actions may not align with the public good or King County's legal interests"; third, "[KCPAO] is not authorized to represent private parties in civil disputes between state citizens"; fourth, "[KCPAO's] legal authority is limited to criminal matters and representing the state in official proceedings"; and fifth, "[a]llowing state prosecutors to represent only one side in a civil case… creates state-sponsored bias against Plaintiff, violating due process and equal protection rights under the Fourteenth Amendment." Dkt. No. 41.

None of these arguments have merit. Indeed, Lyall cites no local rule, rule of professional conduct, court order, statute, case precedent, or any other persuasive or binding authority supporting any of her positions.

Nor is Lyall correct that government officials sued in their individual capacities require private counsel. "Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994). But because these defendants are usually acting within the scope of their employment when performing the complained-of conduct, government attorneys, including at KCPAO, *routinely* defend them. *See Hanson v. Carmona,* 525 P.3d 940, 945 (Wash. 2023) (discussing RCW 4.92.060 and 4.92.070; affirming that state employees acting within the scope

**ORDER** - 3

of their employment can request the State to defend them, and the Attorney General must grant the request if the acts were in good faith within the scope of their duties); *see also* Civil Division – Prosecuting Attorney's Office, King County (Mar. 6, 2025, 4:41 PM), https://kingcounty.gov/en/dept/pao (describing work of KCPAO). Lyall falls far short of meeting her burden of showing that the regular government practice of providing state-funded representation for state officials sued in their individual capacities creates a conflict of interest or violates Lyall's due process and equal protection rights.

    The Court FINDS no grounds on which to disqualify KCPAO attorneys from representing Defendants Wilson and Cornwall. Lyall's disqualification motion is therefore DENIED. Dkt. No. 41.

    Dated this 11th day of March, 2025.

*[signature]*

Jamal N. Whitehead
United States District Judge

ORDER - 4